IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ARNETTA DAVIS                                                                                    PLAINTIFF

vs.                                   Civil No. 1:17-cv-01049

NANCY A. BERRYHILL                                                                        DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Arnetta Davis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for SSI on August 21, 2014.  (Tr. 15).  Plaintiff alleged she was disabled due to due to anxiety, depression, angina, dyspnea, enlarged lap, multisystem sarcoidosis, and right arm and foot due to gout and nerve problems.  (Tr. 162).  Plaintiff alleged an onset date of January 15, 2006.  (Tr. 15).  This application was denied initially and again upon reconsideration.  (Tr. 56-86).  Thereafter, Plaintiff requested an administrative hearing on her

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

application and this hearing request was granted. (Tr. 97-99).

Plaintiff's administrative hearing was held on May 24, 2016. (Tr. 30-55). Plaintiff was present and was represented by David Rawls at this hearing. *Id.* Plaintiff, Medical Expert Dr. Kweli Amusa, and Vocational Expert ("VE") Thomas Bott testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-three (43) years old and had a high school education. (Tr. 39-40).

On August 9, 2016, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 15-24). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 21, 2014. (Tr. 17, Finding 1). The ALJ also determined Plaintiff had the severe impairments of sarcoidosis and diabetes mellitus. (Tr. 17, Finding 2). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18-22). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work but must be allowed to alternate between sitting and standing after 1 ½ hours of each activity and must work in a climate-controlled environment. (Tr. 18, Finding 4).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 5). The ALJ found Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 23, Finding 9). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the

2

requirements of representative occupations such as telephone solicitor with 156,857 such jobs in the nation and 1,114 such jobs in Arkansas, food checker with 109,743 such jobs in the nation and 1,082 such jobs in Arkansas, and check cashier with 439,021 such jobs in the nation and 4,328 such jobs in Arkansas. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from August 21, 2014, through the date of the decision. (Tr. 24, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 140-142). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-6). On August 3, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13, Pg. 3-19. Specifically, Plaintiff claims the ALJ erred: (1) in failing to properly assess her impairments, (2) in the RFC determination, and (3) in failing to give proper treatment to the opinions of Plaintiff's treating physician. *Id.* In response, the Defendant argues the ALJ did not err in any of her findings. ECF No. 114. Because this Court finds the ALJ erred in the treatment of the opinions of a treating physician, this Court will only address this issue.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff had been treated by Dr. Hanan Makhoul, of the Little Rock Diagnostic Clinic, since May 21, 2014 for multisystem sarcoidosis. (Tr. 298-301). On January 20, 2016, Dr. Makhoul prepared a medical source statement. (Tr. 650-651). In this statement, Dr. Makhoul stated Plaintiff

5

was a patient with multisystem sarcoidosis resulting in extreme fatigue, shortness of breath, muscle weakness, upset stomach, and dizziness. *Id.* Dr. Makhoul indicated Plaintiff would be limited to work at the sedentary exertional level with the ability to change positions frequently, have frequent rest periods, take longer than normal breaks, and have the opportunity to shift at will between sitting, standing, and walking. *Id.* Further, Dr. Markhoul stated Plaintiff would be completely unable to reach, could perform fingering for only 1/3 of the workday, and would be completely unable to handle. *Id.* Finally, Dr. Markhoul estimated Plaintiff would be absent from work four or more days per month due to her impairments. *Id.*

The ALJ gave little weight to the opinions of Dr. Markhoul. (Tr. 20). The ALJ stated the opinions of Dr. Markhoul were not consistent with the medical evidence. *Id.* Notably, the ALJ did not state what was inconsistent with Dr. Markhoul's findings and the record contains his complete and lengthy medical record setting forth his treatment of Plaintiff.

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-952. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this matter, the ALJ erred in discounting Dr. Makhoul's findings. *See Brown,* 611 F.3d at 951-952. At the very least, if the ALJ found this record was unclear, ambiguous, or inconclusive, the ALJ should have re-contacted Dr. Markhoul. 20 C.F.R. § 404.1512(e) (requiring the ALJ to re-contact the claimant's treating physician or psychologist or other medical source where the information the SSA receives from that source is inadequate to determine whether the claimant is disabled).

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled

because the ALJ failed to properly analyze the opinions of Plaintiff's treating physician. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of these opinions.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **23rd day of May 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE